# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIR CEA G. MAI, a/k/a Hermione Kelly Ivy Winter, David Allen Allemandi and other aliases, | : : : : |
| Plaintiff, | : : |
| v. | : Civ. No. 20-1097-VAC : |
| DR. DENNIS KONDASH, et al., | : : |
| Defendants. | : |

Sir Cea G. Mai, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 31, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Sir Cea G. Mai, who filed this suit as Kelly E.S. Aliahmed, is an inmate at the Sussex Correctional Institution in Georgetown, Delaware.[1] He filed this action on August 21, 2020, asserting various legal theories. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 20). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

**I.    BACKGROUND**

Plaintiff names fifty-nine defendants and alleges violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments of the United States Constitution, as well as violations of the Americans with Disabilities Act and the Religious Land Use and Institutionalized Persons Act. (D.I. 1, Counts I through IX). He also alleges medical malpractice under state law. In the past, Plaintiff has filed numerous lawsuits seeking gender reassignment surgery and a transfer to Baylor Women's Correctional Institution in New Castle, Delaware.

Plaintiff's litany of complaints includes, but is not limited to, retaliation, unsafe housing conditions, verbal abuse, threats, housing assignments, interference with marriage, incidents reports received, ineffective grievance process, religious discrimination, denial of medical and mental health care, medical malpractice,

---

[1] Plaintiff has filed twenty-seven lawsuits in this Court since 2016. When he first began filing lawsuits, he was known as David Allen Allemandi. At some point, Plaintiff identified as female and was known by various female names. He identified as female when he commenced this action. But most recently, Plaintiff updated his legal name to Sir Cea G. Mai. (*See* D.I. 22). It is not clear, but it seems that Plaintiff now identifies as male. Hence, I refer to Plaintiff as he/him.

indifference to the COVID pandemic, destruction of legal materials, refusal to release Plaintiff from prison, and violations of HIPAA. Plaintiff also incorporates all claims relating to grievances attached to the Complaint. (*Id*. at 23).

The prayer for relief contains thirty-six paragraphs and seeks in part, five million dollars in damages, release from prison, a grant of relinquishment of U.S. citizenship and a move to Lebanon with paid airfare for Plaintiff and his spouse, a transitions certificate, surgery, transfer to Baylor Women's Correctional Institution, and all "officers fired for sex PREA things." (*Id.* at 23-24, 29).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

2

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d at 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).  Finally, a plaintiff must plead facts

3

sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *See Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint show that the plaintiff is entitled to relief.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### III.   DISCUSSION

The Complaint is deficiently pled for multiple reasons.

For example, with rare exception, the body of the Complaint does not indicate when the alleged wrongful acts were committed and by which particular defendant(s), making a response difficult, if not impossible, particularly when there are fifty-nine named defendants.

Another example is the claims of verbal assault.  Verbal abuse or harassment is not actionable under 42 U.S.C. § 1983.  *See Matthews v. Norristown State Hosp*., 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009).

Plaintiff complains of the grievance systems, but it is clear that his grievances are considered, although not to his liking. Moreover, Plaintiff incorporates claims from several grievances into the Complaint, but a review of the dates indicates that Plaintiff could not have exhausted administrative remedies prior to commencing this action as required by the Prison Litigation Reform Act.

Finally, Plaintiff's claims are made in a conclusory manner and in many instances without supporting facts. See Iqbal, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement' ") (quoting Twombly, 550 U.S. at 555, 557). Indeed, merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. See Iqbal, 556 U.S. at 678 at 1949.

Because the claims in the Complaint do not meet the pleading requirements of Iqbal and Twombly, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). Since it is possible that Plaintiff may be able to cure the pleading defects, he will be given leave to file an amended complaint.

## IV.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.